# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ABDUL MUHAMMAD, | ) | |
| | ) | Case No. 15-cv-10329 |
| Debtor–Appellant, | ) | |
| | ) | Judge Robert M. Dow, Jr. |
| v. | ) | |
| | ) | On Appeal from the United States |
| BANK OF AMERICA, N.A., | ) | Bankruptcy Court, N.D. Ill. |
| | ) | Bankruptcy Judge Jacqueline P. Cox |
| Creditor–Appellee. | ) | Case No. 15-19908 |

## MEMORANDUM OPINION AND ORDER

This case is on appeal from the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, Case No. 15-19908. On November 4, 2015, the Bankruptcy Court overruled Debtor–Appellant Abdul Muhammad's objection to a proof of claim filed by Creditor–Appellee Bank of America, N.A., in which Bank of America claimed an arrearage of $85,380.86 relating to a recorded mortgage. Before the Court is Muhammad's appeal of that decision. For the reasons set forth below, the Bankruptcy Court's decision is affirmed.

## I. Background

On November 17, 1997, Debtor–Appellant Abdul Muhammad took out a $145,700.00 loan on a property located at 18941 Loretto Lane in Country Club Hills, Illinois. The loan was evidenced by a promissory note and mortgage granted to Anchor Mortgage Corporation and its successors and assigns. [12-1, at 68–70; (Note); 12-1, at 56–65 (Mortgage).] Anchor immediately assigned the note and mortgage to Countrywide Home Loans, Inc. [12-1, at 71–72.] On December 4, 2012, Countrywide assigned the mortgage to Creditor–Appellee Bank of America, N.A., which remains the mortgagee of record. [12-1, at 73–74.] Bank of America also holds the original promissory note.

On June 5, 2013, Bank of America sent a letter to Mr. Muhammad stating that Federal National Mortgage Association ("Fannie Mae") was the "owner of the Note for this loan." [12-1, at 24.] The note itself does not reflect any transfer to Fannie Mae (*i.e.*, the note shows that it was indorsed by Anchor to Countrywide, and from Countrywide to "blank" [12-1, at 70]), and there is no other documentary evidence confirming that Fannie Mae was or is the note's owner. To the contrary, Bank of America represented to the Bankruptcy Court that although it once *contemplated* transferring the note to Fannie Mae, the transfer was never completed, and the note and mortgage have remained with Bank of America ever since Countrywide Home Loans merged into Bank of America. [12-1, at 101, 104.]

On June 8, 2015, Mr. Muhammad filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On July 3, 2015, Bank of America filed an objection to the confirmation of Mr. Muhammad's Chapter 13 Plan, claiming that the plan did not fully cure the pre-petition arrears. On September 18, 2015, Bank of America filed a timely proof of claim [12-1, at 12–18], claiming an arrearage of $85,380.86 relating to the mortgage held by Bank of America (Mr. Muhammad stopped making monthly payments on his mortgage sometime in 2011). On October 26, 2015, Mr. Muhammad filed an objection to Bank of America's proof of claim, asserting that there is a broken chain of title on the mortgage and that Bank of America is not the true owner of the debt. On November 4, 2015, the Bankruptcy Court held a hearing on these issues, sustaining Bank of America's objection to confirmation and overruling Mr. Muhammad's objection to Bank of America's proof of claim:

> The core of the Debtor's position is that Bank of America is not his mortgagee. The original Note submitted at the hearing showed that Anchor Mortgage was the obligee on the debt as of November 17, 1997.
>
> The Court was told that the Note was assigned to Countrywide Home Loans, Inc. As shown on a November 17, 1997 Corporation Assignment of Real

> Estate Mortgage submitted at the hearing, Anchor assigned its interest in the mortgage on the Debtor's home to Countrywide which later merged with Bank of America. The Debtor submitted a June 5, 2013 letter from the Federal National Mortgage Association (Fannie Mae/FNMA) that indicated that it owned the mortgage/note.[1] However, the Court finds more credible the original Note submitted in court by Bank of America that did not show that it was endorsed to any assignee. The Debtor did not call Fannie Mae/FNMA to testify.
>
> A proof of claim that is executed and filed in accordance with the Bankruptcy Rules constitutes "prima facie evidence of the validity and amount of the claim". Federal Rule of Bankruptcy Procedure 3001(f). The burden is on the objecting party to come forward with evidence to overcome the presumption in favor of validity. *In re Booker*, 301 B.R. 207, 201–11 (Bankr. N.D. Ohio 2003). The Court finds that the Debtor did not submit sufficient evidence to overcome the presumption that a filed Proof of Claim is presumptively valid.

[72-1, at 76–77.] Muhammad filed a timely notice of appeal of the Bankruptcy Court's decision on November 13, 2015.[2]

## II.   Standard of Review

In a bankruptcy appeal, "the district court * * * may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013; *Mungo v. Taylor*, 355 F.3d 969, 974 (7th Cir. 2004). The district court examines the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *Wiese v. Cmty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009). "Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr .P. 8013; *In re Berman*, 629 F.3d 761, 766 (7th Cir. 2011). A bankruptcy court's factual finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm

---

[1] Based on the totality of the record, the Court believes that the Bankruptcy Court was referring to letter from Bank of America (not from Fannie Mae) indicating that Fannie Mae was the owner of the note as of June 5, 2013. [See 12-1, at 24.]

[2] The Bankruptcy Court dismissed Mr. Muhammad's case on November 16, 2015, citing unreasonable delay. [12-1, at 83.]

conviction that a mistake has been committed." *Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010) (quoting *In re Smith*, 582 F.3d 767, 777 (7th Cir. 2009)). In general, under the clearly erroneous standard, if there are two permissible views of the facts, a court's choice between them cannot be clearly erroneous. *In re McGrath*, 451 B.R. 817, 822 (N.D. Ill. 2011) (citing *Dexia Credit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010)).

**III.    Analysis**

There is only one question before this Court on appeal: whether the Bankruptcy Court properly overruled Muhammad's objection to Bank of America's proof of claim based on the evidence presented.

The parties do not dispute the legal standard governing this issue. Federal Rule of Bankruptcy Procedure 3001 governs proof of claims, stating that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). "A party objecting to the proof of claim * * * has the initial burden to produce some evidence [or] legal point to overcome this rebuttable presumption." *In re Orseno*, 390 B.R. 350, 353–54 (Bankr. N.D. Ill. 2008) (citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992); *In re Missionary Baptist Found. of America*, 818 F.2d 1135, 1143 (5th Cir. 1987)). The objecting party must "bring forth evidence equal in probative force" to that presented in the proof of claim. *In re Carlson*, 126 F.3d 915, 921–22 (7th Cir. 1997) (citation omitted)  If the objecting party makes such a showing, the burden then shifts back to the claimant to produce evidence or legal argument establishing its entitlement to the claim by a preponderance of the evidence. *In re Orseno*, 390 B.R. at 354 (citation omitted); *In re 1555 Wabash LLC*, 493 B.R. 756, 761 (Bankr. N.D. Ill. 2013). "[T]he ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim." *In re McCoy*, 355 B.R. 69, 72 (Bankr. N.D. Ill. 2006).

Mr. Muhammad disagrees with the Bankruptcy Court's finding that he "did not submit sufficient evidence to overcome the presumption that a filed Proof of Claim is presumptively valid." [72-1, at 76–77.] Mr. Muhammad relies, as he did at the hearing, on the June 5, 2013 letter from Bank of America that says that Fannie Mae is the "owner of the Note for this loan." [12-1, at 24.] Mr. Muhammad also says that the Bankruptcy Court erred by ignoring his objection to the authenticity of the note that Bank of America presented at trial (Mr. Muhammad says that the note is a copy).

The Court agrees with the Bankruptcy Court that Mr. Muhammad failed to make a sufficient showing to rebut the presumption of validity of Bank of America's proof of claim. The June 5, 2013 letter from Bank of America listing Fannie Mae as the owner of the note—absent any paperwork memorializing that alleged transfer or any confirmation from anyone at Fannie Mae—is not enough to offset Bank of America's presumptively valid claim. See, *e.g.*, *Surf Walk Condominium Ass'n v. Wildman*, 84 B.R. 511, 515 (N.D. Ill. 1988) (a debtor's rebuttal evidence "generally must be of a probative force equal to that of the allegations in the proofs of claim themselves"). In addition, Bank of America explained at the hearing that the Fannie Mae transfer was only *contemplated*, not completed, and further supported its claim with its presentation of the original note, which does not reflect any indorsement to Fannie Mae and currently is indorsed in blank. See, *e.g.*, *In re Schmeglar*, 523 B.R. 119, 123 (Bankr. N.D. Ill. 2014) ("An instrument indorsed in blank is payable to the bearer, and may be negotiated merely by the transfer of the note." (citing 810 ILCS 5/3–205(b))). As the Bankruptcy Court said, "I'm concerned about the June 5th letter, but I think it's been overcome by the—the clear evidence that [Bank of America] hold[s] the note, and they haven't transferred it." [12-1, at 113; see also 72-1, at 77 (finding "more credible the original Note submitted in court by Bank of America that did not show that it

5

was endorsed to [Fannie Mae]").] The Court agrees with this analysis. The Court also agrees with the Bankruptcy Court's suggestion as to how Mr. Muhammad might have gone about meeting his evidentiary burden, noting the fact that Mr. Muhammad "did not call Fannie Mae/FNMA to testify." [72-1, at 77.] In short, Mr. Muhammad's presentation of an uncorroborated letter is insufficient to match the presumptive validity of Bank of America's proof of claim. Accordingly, the Court concludes that the Bankruptcy Court correctly overruled Mr. Muhammad's objection.

Alternatively, even if Petitioner had met his initial burden, Bank of America still produced sufficient evidence to prove its entitlement to the claim by a preponderance of the evidence. See, *e.g.*, *In re 1555 Wabash LLC*, 493 B.R. 756, 761 (Bankr. N.D. Ill. 2013). In comparison to the dearth of evidence produced by Mr. Muhammad (highlighted by his failure to call Fannie Mae to testify at the hearing), Bank of America presented a wealth of documentary evidence supporting its claim of ownership, including the mortgage and note,[3] the indorsements on the note itself, and the first and second assignments. Again, while the Court agrees that the June 5, 2013 letter is curious, it alone is insufficient to overcome the documentary evidence supporting Bank of America's claim of entitlement.

The Court also agrees with Bank of America that Mr. Muhammad failed to rebut the alleged amount of arrears. In its presumptively valid proof of claim, Bank of America claimed $85,380.86 in arrears. At the hearing, Mr. Muhammad estimated that "the arrears are probably

---

[3] The Court is not persuaded by Mr. Muhammad's unsubstantiated assertion that the note presented by Bank of America at the hearing was a copy and not the original "wet ink" version. The Bankruptcy Court examined the note and related documents at the hearing, heard the parties' testimony and argument regarding chain of title, and ultimately concluded that the note was "the *original* Note." [12-1, at 77 (emphasis added).] The Court sees no reason to disturb that finding, or to fault the Bankruptcy Court for refusing Mr. Muhammad's request to investigate the issue further. See, *e.g.*, *U.S. Bank Nat'l Ass'n v. Gaitan*, 2013 WL 160378, at *5 (Ill. App. Ct. Jan 10, 2013) (resolving a dispute regarding the authenticity of a promissory note by observing that "the trial court was able to examine the original note and did not find it defective").

* * * around about maybe $44,000." [12-1, at 96.] However, Mr. Muhammad did not explain how he calculated this estimate, and the only documentary evidence that he produced at the hearing—what he described as a bank statement showing that he was $39,000 in arrears—was actually a bank statement reflecting his escrow balance of $39,181.61. [See 12-1, at 92.] Because Mr. Muhammad did not produce evidence sufficient to rebut the presumptive validity of the alleged amount of arrears, the Bankruptcy Court correctly overruled his objection.

**IV.     Conclusion**

For the foregoing reasons, the Bankruptcy Court's decision overruling Muhammad's objection to Bank of America's proof of claim is affirmed.

Dated: September 9, 2016

_____
Robert M. Dow, Jr.
United States District Judge